Lydia G. Van Winkle, Plaintiff-Appellee, v. Firestone Tire and Rubber Co., Defendant-Appellant.

Gen. No. 69–64.

Third District.

December 5, 1969.

James E. Kelley, and William C. Davidson, of Lane & Waterman, of Davenport, Iowa, for appellant.

Marshall E. Douglas, Jackson & Douglas, of East Moline, for appellee.

ALLOY, J.

This is an appeal from a judgment of the Circuit Court of Rock Island County in the sum of $359.03 as against defendant Firestone Tire and Rubber Co. and in favor of plaintiff Lydia G. Van Winkle. The action was predicated on an alleged breach of warranty by defendant in selling plaintiff a retreaded tire which it is contended

blew out and caused the accident. The case was heard by the court without a jury.

Plaintiff Lydia G. Van Winkle and her husband bought five retreaded tires on September 16, 1966, from a Firestone Store in Moline, Illinois. Defendant placed the tires on the rims and then put the tires on the 1960 Oldsmobile owned by the purchasers. Plaintiff's husband signed the retail installment contract for the purchase of the tires. During the following seven days, plaintiff testified that she drove the car between 50 and 100 miles, and did not, to her knowledge, drive over any unusual roads or surfaces. Plaintiff's husband also drove the car during the week, but the husband did not testify in the case.

On September 23, 1966, a week after the tires were purchased, plaintiff was driving down a hill on 41st Street in East Moline. Plaintiff's testimony was that she was driving down this hill at about a speed of 35 miles per hour and that, in her words, "the tire blew out—I lost control—I couldn't handle the car at all." The automobile swerved going down the hill and the left side of the automobile went up over a 12-inch concrete embankment. The vehicle then came back over the embankment and proceeded on down the hill to an intersection where it spun around facing back up the hill and finally came to a stop. In testimony of the plaintiff with respect to her speed after the tire blew out, plaintiff testified that her foot kept hitting the accelerator instead of the brake and she thus speeded up. She still felt that she was going less than 60 miles per hour down the hill and into the intersection. An investigating police officer testified that plaintiff told him after the accident that her left rear tire had blown out. He observed at the accident scene that the left rear tire was flat. Plaintiff took the tire back to the Firestone Store the day following the accident, and at the trial of her action for damages, plaintiff testified that Firestone "of-

fered only the tire and rim." Defendant objected to any evidence showing an offer by Firestone to replace the tire and rim. Plaintiff's damages totaled $359.03.

Plaintiff's action was based upon an implied warranty of defendant that the tire was free from defects. The complaint alleged that there were, in fact, defects in the construction and workmanship of the tire and that "said defects being that the tire suddenly deflated from holes in the sidewalls." At the trial, the only testimony for plaintiff was her own. Defendant presented two investigating police officers as its only two witnesses. Testimony of plaintiff was as to the circumstances of the accident hereinabove referred to, and plaintiff also admitted that she pleaded guilty to a speeding charge which was filed against her as a result of the accident. One of the police officers who testified estimated plaintiff's speed at the top of the hill prior to the accident at 50 to 60 miles per hour (when the officer passed plaintiff as he was going in the opposite direction).

Plaintiff offered in evidence the photograph of a tire which showed a "big knot" on the tire. Plaintiff testified that this was a picture of one of the other of the five tires which were purchased from defendant on September 16, 1966, but not the other one which blew out. Over objection of defendant the photograph was admitted into evidence. Plaintiff was also permitted to testify, over objection, that the other tires went bad, with a knot on them like the one in the picture. Plaintiff also introduced into evidence the tire in question which plaintiff alleged blew out while she was going down the hill. Defendant moved for judgment in favor of defendant at the close of the plaintiff's evidence and at the close of all the evidence.

It is clear that there was an implied warranty of fitness of the tire for a particular purpose and for use on the automobile (1967 Ill Rev Stats, c 26, par 2–315). The theory of products liability announced in the case

of Suvada v. White Motor Corp., 32 Ill2d 612, 210 NE2d 182, was not essential to the maintenance of the action by plaintiff in the present case since there is no question as to privity of contract, as plaintiff and her husband were direct purchasers of the tire from the defendant. Plaintiff's right to recover did not depend alone on the products liability doctrine referred to in the Suvada case.

▉ To recover for breach of an implied warranty of fitness for a particular purpose, a plaintiff must show that he or she had made known to the seller the purpose for which the article was purchased and that the purchaser relied upon the seller's skill or judgment (Kirk v. Stineway Drug Store Co., 38 Ill App2d 415, 187 NE2d 307). The plaintiff must then show affirmatively that there was some defect in the article sold which rendered it unfit for that purpose and that damage resulted from such defect. In Kirk v. Stineway Drug Store Co., supra, plaintiff had purchased a new stepladder from the drugstore. The third time she used the ladder it collapsed, and she fell injuring herself. The court first determined that the purpose for which she purchased the article was known and then examined into the question as to whether there was proof of defects or imperfections in the ladder itself. The court stated that from an examination of the ladder which was placed in evidence there were imperfections in its construction which could be clearly seen (a failure to install a safety cleat). It is thus clear that, in this State, to recover on a theory of implied warranty of fitness for a particular purpose, a purchaser must make proof of a defect in the article. This is true even in such cases as Knab v. Alden's Irving Park, Inc., 49 Ill App2d 371, 199 NE2d 815, where the damage resulted from burning of trousers worn by a child. There was expert testimony in that case showing the highly inflammable quality of the material in the pants and this was the defect which was the basis of the breach of warranty.

■ ■ In applying the principles involved in cases treating breach of implied warranty of fitness for a particular purpose, we note that in all cases a showing must be made of a defect in the article purchased which results in the damage complained of. We have examined the record in the case before us and we find no evidence of any defect in the tire which blew out. The fact that the tire blew out is not in itself proof that there was a defect in the tire.

While plaintiff testified that she had not driven the car over any unusual surfaces, her ex-husband drove the automobile at times without plaintiff and he did not testify as to what happened when he drove the car. There is a possibility that damage to the tire could have resulted from actions of the ex-husband in driving the automobile. The offer of the blown-out tire into evidence alone with no testimony which pointed out or designated defect in the tire which would cause it to blow out, did not sufficiently establish proof of a defect and the basis for action for breach of warranty. If plaintiff or an expert could have pointed out a defect in the wall of the tire which caused it to blow out, this would have met the test. It is the contention of the plaintiff that the photograph of one of the other tires which had been purchased which showed a bubble on the tire was sufficient to show a defect in the tires. Even assuming that it was appropriate to admit such photograph into evidence, there was no showing as to how long after the accident the photograph was taken and when the bubble developed in the other tires. On the basis of the record, the bubble may have resulted from the fact that the automobile went over a 12-inch curbing. Suffice to say, there was no showing that the bubbles developed in any of the tires prior to the accident in question.

In Shramek v. General Motors Corp., 69 Ill App2d 72, 216 NE2d 244, recovery was sought for injuries result-

ing from a blowout of a tire which caused an accident. The court in that case, at page 78, stated:

". . . the cornerstone of plaintiff's cause of action is the existence of a defect in the tire at the time it left the control of the manufacturer or seller. Without this proof his case must fall.

". . . the tire in question was never subjected to an examination which would reveal that the blowout was due to a preexisting defect. Thus, without any examination of the tire designed to elicit the cause of the blowout and without the tire itself or any hope or expectation for its recovery, plaintiff could never prove, directly or inferentially, a case of negligence, breach of warranty or strict liability.

"The mere fact of a tire blowout does not demonstrate the manufacturer's negligence, nor tend to establish that the tire was defective. Blowouts can be attributed to myriad causes, including not only the care with which the tires are maintained, but the condition of the roads over which they are driven and the happenstance striking of damaging objects."

. . . . . .

"Plaintiff contends, however, that although he does not have the tire, nor any expert testimony as to the cause of its blowing out, he should be allowed to take his case to the jury. We disagree. On such a record, a jury would have no basis to determine whether the tire was defective when it left defendants' control and whether that defect ultimately caused plaintiff's injuries. Under such circumstances, it is manifest that plaintiff did not raise genuine issues of fact as to these material elements of his case."

The only manner in which the instant case differs from the Shramek case referred to is that the blown-out tire was offered in evidence, while the tire was not available in the Shramek case. This, however, would not affect the result since there was no evidence of any defect in the tire other than the fact that it had blown out. It is thus apparent that regardless of the theory upon which the plaintiff is proceeding there must still be a showing of a defect in the article involved.

■ The admission of the photograph of one of the other tires purchased from defendant showing a bubble in the tire was improper since there was no showing that a bubble was the cause or related to the cause of the blowout or that it existed prior to the time the automobile hit the 12-inch concrete abutment. The case of Sweeney v. Matthews, 94 Ill App2d 6, 236 NE2d 439, is not authority for admission of such evidence. In that case, a carpenter was injured when a nailhead broke off and flew into his eye as he was driving the nail. Evidence of metal tests made on other nails in the same sack was allowed to show a defect in the metal causing brittleness in the nail which broke off injuring plaintiff. It is clear that the defect in the other nails was the same as the defect which caused the nail to break. In the case before us, there is no such connection shown between the bubbles on the other tires and the blowout of the tire in question.

■ It was proper, however, to admit the actual blown-out tire into evidence since it was shown that it was in custody of plaintiff and her attorney from the time of the blowout until the tire was presented into evidence. Unfortunately, however, the mere admission of the tire itself did not establish the existence of a defect which could have caused a blowout. There was no testimony or other evidence on this issue.

The record, therefore, does not support the judgment in favor of plaintiff. The judgment entered in this cause is, accordingly, reversed, and the Circuit Court of Rock Island County is directed to vacate and set aside such judgment, and to enter judgment in this cause in favor of defendant.

Reversed.

STOUDER, P. J. and RYAN, J., concur.